UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VARINDER S., | |
| Petitioner, | No. 1:26-cv-00634-TLN-EFB |
| v. | **ORDER** |
| WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, et al., | |
| Respondents. | |

This matter is before the Court on Petitioner Varinder S.'s[1] ("Petitioner") First Amended Petition for Writ of Habeas Corpus.  (ECF No. 15.)  For the reasons set forth below, Petitioner's habeas petition is GRANTED.  (ECF No. 15.)

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The instant habeas action arises out of Petitioner's arrest and detention by immigration authorities without notice or a hearing.[2]  (ECF No. 15.)  On March 11, 2026, the Court granted

---

[1]    The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

[2]    The Court incorporates the factual background set forth in full in the Court's March 11,

1

Petitioner's Motion for Temporary Restraining Order ("TRO"), ordered his immediate release and ordered Respondents to file a certification of that release[3] within one court day.  (ECF No. 18.)  The Court also ordered Respondents to show cause why the Court should not grant the habeas petition and enter judgment in favor of Petitioner.  (*Id.*)  Respondents filed a response to the Order to Show Cause ("OSC").  (ECF No. 19.)  Petitioner filed a reply.  (ECF No. 20.)

## II.   STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention.  *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.   ANALYSIS

Petitioner challenges his detention without notice or a hearing as violating his due process

---

2026 Order granting Petitioner's motion for a TRO.  (ECF No. 18.)

[3]     Respondents acknowledge they failed to file such a certification.  (ECF 19 at 1-2.)  While the Court takes Respondents' counsel at their word that this failure was "inadvertent[]" and "meant no disrespect to the Court", it reminds Respondents that "[c]ompliance with court orders is not optional and must be prioritized above competing demands and resources. . . . A pattern of unchecked and unaddressed mistakes in complying with court orders will be viewed as a deliberate and strategic choice. Future failures of this nature — whether attributed to the individual or to systemic conditions — may result in sanctions." *Eblis Alexander Y.T. v. Warden of California City Corr. Ctr.*, No. 2:26-cv-00900-TLN-AC, 2026 WL 1192547 at *1 (E.D. Cal. May 1, 2026).

2

rights.[4]  (ECF No. 15 at 16–17.)

The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law.  *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017).  The Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status.  *Zadvydas*, 533 U.S. at 693 ("[T]he Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent.").  These due process rights extend to immigration proceedings, including deportation proceedings.  *Id.* at 693–94; *see Demore v. Kim*, 538 U.S. 510, 523 (2003).

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution.  *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

As Petitioner correctly points out, Respondents' Response to the OSC does not "address the Court's core holdings or identify any intervening factual or legal development."  (ECF No. 20 at 3.)  Respondents simply "rel[y] on the arguments and authority contained in [their] motion to dismiss."  (ECF No. 19 at 2.)  In the absence of additional legal argument or supervening factual developments, the Court declines to reconsider its conclusions regarding Petitioner's due process claims.

As to step one, the Court finds Petitioner gained a protected liberty interest in his continued freedom when he was released on his own recognizance in June 2022.  (ECF No. 15 at 17.)  This release was an "implicit promise" that Petitioner would not be re-detained during the

---

[4]    Petitioner also challenges his detention as violating the Administrative Procedure Act and the Immigration and Nationality Act.  (ECF No. 15 at 20–23.)  Because the Court finds Petitioner is entitled to relief on the basis of his constitutional claim, the Court need not consider Petitioner's statutory claims.

3

pendency of his immigration proceedings if he abided by the terms of his release.  *See Morrissey*, 408 U.S. at 482.

Petitioner thus has a clear interest in his continued freedom as he awaits the outcome of his immigration proceedings.  *See, e.g.*, *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) (noting the Government's actions in allowing petitioner to remain in the community for over five years strengthened petitioner's liberty interest).

As to step two, the Court has considered the three factors set forth in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), and finds that Petitioner was entitled to notice and a hearing to determine whether his re-detention was warranted.  First, Petitioner has a substantial private interest in his own freedom adversely affected by the Government's actions to detain him.  Second, the risk of this interest being erroneously deprived is considerable because Petitioner received virtually no procedural safeguards.  Third, the Government has shown no legitimate interest in Petitioner's detention, and the cost and time of procedural safeguards are minimal.  Upon consideration of these factors, the Court thus finds Petitioner was entitled to notice and a hearing to determine whether his re-detention was warranted.  He received neither.  Petitioner's detention therefore violates due process.

Accordingly, the Court finds Petitioner's detention without notice or a hearing violates due process.  The Court GRANTS Petitioner's First Amended Petition for Writ of Habeas Corpus.  (ECF No. 15.)

**IV.    CONCLUSION**

IT IS HEREBY ORDERED:

1.    Petitioner's petition for writ of habeas corpus (ECF No. 15) is GRANTED.

2.    Respondents are ENJOINED and RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a hearing before a neutral fact-finder where Respondents show: (a) material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondent demonstrates by clear and convincing evidence that the Government's interest

in protecting the public and/or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention.  *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990.  At any such hearing, Petitioner shall be allowed to have counsel present.

   3.   The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Date: June 4, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE